L. Barron Hill, J.
Plaintiff brings this action pursuant to the provisions of section 51 of the General Municipal Law to set aside a lease made between defendant Town of Islip and defendant Shellfish, Inc., leasing town lands under water for the purpose of shell fishing.
The defendants herein move for an order pursuant to rule 107 of the Rules of Civil Practice to dismiss the action on the ground that it is barred by the Statute of Limitations. Defendants claim that the applicable provision of the Statute of Limitations is subdivision 2 of section 48 of the Civil Practice Act, which reads:
“ 48. Actions to be commenced with six years. The following actions must be commenced within six years after the cause of action has accrued: * * * 2. An action to recover upon a liability created by statute, except a penalty or forfeiture.”
It is clear that this action has been commenced more than six years after the effective date of the lease agreement.
No case has been cited by defendants nor has any been found by the court which holds that an action commenced under section *330 51 of the General Municipal Law is controlled by the provisions of subdivision 2 of section 48 of the Civil Practice Act.
It is true that the type of action permitted by section 51 of the General Municipal Law was unknown to the common law and is a creature of statute. The section specifically provides, however: “ This section shall not be so construed as to take away any right of action from any county, town, village or municipal corporation, or from any public officer, but any right of action now existing * * * may be enforced by action or otherwise by the persons hereinbefore authorized to prosecute and maintain actions ’
If the instant lease is illegal or void, the town certainly has a cause of action to have it set aside. Therefore, no liability has been created by statute in this instance. An additional remedy has been provided by statute, by permitting a taxpayer to maintain the action, but the liability exists with or without the statute. I am not prepared to hold, therefore, that this particular action is governed by subdivision 2 of section 48 of the Civil Practice Act, nor am I going to hold that it is an action for a declaratory judgment as claimed by plaintiff. The action is whatever the action is if brought by the town. This should not be determined by the court without the benefit of counsels’ arguments and memorandum. Accordingly, this motion is denied without prejudice to a renewal upon a showing that another Statute of Limitations which has expired applies.
Parenthetically the court wishes to add that it has thoroughly examined the complaint and can find no allegation that the demised property is part of a public improvement district such that subdivision 12 of section 198 of the Town Law applies. Unless this is so the property could be leased by the town subject only to a permissive referendum (Town Law, § 64, subd. 2; 11 Op. St. Comp. 392 [1955]).
Settle order.